IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COFACE NORTH AMERICA INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) ) | FILE NO. 1:19-cv-0242-AT |
| JAMES WENDELL DAVIS, III, and JOHN DOES 1-50, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RENEWED MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Coface North America Insurance Company ("Plaintiff" or "Coface") respectfully renews its request that this Court expedite discovery pursuant to Rule 26(d) on all topics pertinent to Coface's Verified Complaint, [*See* D.E. 1], and/or the proposed First Amended Verified Complaint, attached to the Motion for Leave to Amend Verified Complaint, filed contemporaneously herewith.

**I.      INTRODUCTION**

Since filing the initial Motion for Expedited Discovery ("Initial Motion"), Coface's investigation of this case revealed extraordinary facts that warrant the

117588734.v2

immediate opening of discovery in this case.  Specifically, Coface has discovered that Defendant Davis has a history of engaging in fraudulent behavior borne out in public court records, including a court ruling that he violated the Georgia RICO statute through ACH and wire fraud directed against a financial institution.

As noted in prior filings, this is an action to recover at least $552,766.20 in funds that were fraudulently obtained from Coface by Davis, J. Davis – Attorney at Law, LLC ("JDAL"),[1] and the Doe Defendants.  As discussed at length in the Verified Complaint and Motion for Temporary Restraining Order, [D.E. 1 & 2], as well as the Renewed Motion for Temporary Restraining Order and Preliminary Injunction filed contemporaneously herewith, Davis and JDAL engaged in a complex conspiracy with the Doe Defendants to defraud Coface by intercepting e-mail communications between Coface and its insured regarding a legitimate insurance claim.  After intercepting the e-mail communications, Davis, JDAL, and the co-conspirators impersonated Coface in communications with its policyholder and impersonated the policyholder in communications with Coface.

As a result, Davis, JDAL, and the Doe Defendants managed to divert $3,093,085.50, which was to be paid to Coface's policyholder in satisfaction of its

---

[1] Contemporaneously filed with this renewed request for expedited discovery is Coface's Motion to Add J. Davis – Attorney at Law, LLC as a Defendant in this case.

claim, to Davis' and JDAL's IOLTA (the "IOLTA") held at Wells Fargo, despite the lack of any relationship between Davis/JDAL and Coface or its policyholder. Since the discovery of the fraud, Wells Fargo has forced Davis to return $2,540,319.30 from the IOLTA account to Coface. Nonetheless, $552,766.20 remains unaccounted for ("Missing Funds").

In his response to Coface's Motion for Temporary for Restraining Order, Davis claims to also be a victim of fraud, yet he fails to identify who defrauded him or how, why, and when he disbursed the Missing Funds from the IOLTA account. [*See generally* D.E. 7.] He further fails to explain if the money remains in his custody or control, stating only that he was "duped in acting as an escrow agent/paymaster for funds transferred into his IOLTA Escrow Account." [*Id.* at 9.] Davis concedes, however, in the Joint Preliminary Report and Discovery Plant that "[f]unds in the amount of $552,766.20 [the precise amount that remains missing from Coface] were paid out to Mr. Davis as his fee[2] for services rendered as paymaster for what he believed was a legitimate transaction" and that he "used his fee monies to pay outstanding bills/debts." [D.E. 28 at 3-4.] Against this backdrop, Davis' response that he is a victim is simply not credible. Davis did not

---

[2] This "fee" is roughly 16% of the total amount for which Davis alleges he was serving as "paymaster."

3

provide any additional information or clarity during the February 4, 2019 hearing. [*See generally* D.E. 20.]

Davis' position is particularly dubious in light of Coface's research revealing that Davis has already been adjudicated as having committed fraud, Georgia RICO violations, conversion, and other misconduct comparable to the allegations Coface raises in this case. *See United Community Bank v. Autumn Sunset, LLC, et al.*, case no. SUCV2014000796, in the Superior Court of Carroll County.[3] The allegations in United Community Bank's ("UCB") complaint and motion for summary judgment were adopted fully in the court's order granting summary judgment—including the fact that Davis engaged in a violation of the Georgia RICO statute, for which the court awarded treble damages. Further, it appears that Davis still has not paid the damages awarded by the court, as there is now an ongoing garnishment action against him by UCB. *See generally United Community Bank v. Davis and J. Davis – Attorney at Law, LLC*, case no. STCV2016000147.[4]

---

[3] Attached to this Motion, please find UCB's complaint (Exh. __), Davis' answer (Exh. __), UCB's motion for summary judgment (Exh. __), and the court's grant of summary judgment. Coface requests that the Court take judicial notice of these proceedings, pursuant to Fed.R.Evid. 201(b)(2) & (c)(2). A full discussion of the facts of this case is included in the Renewed Motion for Temporary Restraining Order and Preliminary Injunction, filed contemporaneously herewith.

[4] The docket and complaint are attached hereto as exhibits __ and __, respectively.

Given Davis' prior history of fraud and that he has demonstrated an ability to conceal fraudulently obtained funds from collection pursuant to court judgment, time is of the essence for Coface to engage discovery to find out where the Missing Funds have gone.  To date, Davis' uncooperativeness and obstruction have prevented Coface from pursuing the Missing Funds that Davis admitted to disbursing.  It is imperative that Coface be permitted to immediately begin discovery on all aspects of the Complaint with regards to Davis and J. Davis, Attorney at Law – LLC.

## II.   LEGAL ANALYSIS

The Court has "broad discretion" in scheduling discovery. *Johnson v. Bd. Of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).  "Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015).  Good cause is found where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.*   In *Tracfone Wireless*, the court determined that expedited discovery was warranted "so that [the plaintiff] may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme." *Id.*

5

Here, Coface faces a similar peril. Davis has admitted that the Missing Funds were received in his firm's IOLTA and that he disbursed them. Coface is now faced with a Defendant who admitted to disbursing the wrongfully received Missing Funds who also declines to disclose their whereabouts. That effectively is the same as concealing the Missing Funds, as he has done in the past, in continued harm to Coface. It appears that, even with a judgment in hand, the plaintiff in the *United Community Bank* case has been unable to collect on the judgment against Davis. (Exh. __ (docket for garnishment action)).

To date, Coface has been entirely unable to discern where the Missing Funds are, and Davis has refused to offer any details regarding the alleged disbursement of the Missing Funds out of the Davis IOLTA (e.g., when the funds were disbursed, at whose instruction, in what amount, to which account(s), and for what purpose). Davis and JDAL will not be prejudiced by expedited discovery. First, they have been on notice that Coface is seeking the Missing Funds since at least January 3, 2019, at which point they were under an obligation to preserve documents. [D.E. 1 exh. A.] Second, all of the information that will be sought by Coface is readily available to them and the bank that held the funds throughout this case. At this point, there is no reason to delay discovery.

6

It has become readily apparent that Davis played a role is defrauding Coface. Nonetheless, regardless of whether Davis and JDAL were duped or, as Coface contends and as court records suggest, he was part of a grander scheme to defraud Coface, they alone know the location of the Missing Funds, have documents evidencing where they are, and possess information as to who else was involved in the underlying fraudulent scheme.

Therefore, Coface requests that upon grant of expedited discovery, the Parties be permitted to exchange written discovery within one week, that the responding parties have one week to respond, and that depositions commence within two weeks of receipt of the written responses and documents.

### III. CONCLUSION

Based on the foregoing, there is good cause to allow Coface to conduct expedited discovery immediately so that it may discern where the Missing Funds are and take whatever remedial measures are available to it to secure against their further disbursement or transfer.

Respectfully submitted this __ day of March, 2019.

                        CARLTON FIELDS, P.A.

                        /s/ Christopher B. Freeman
                        Christopher B. Freeman
                        Georgia Bar No. 140867
                        D. Barret Broussard
                        Georgia Bar No. 218806
                        1201 West Peachtree Street, Suite 3000
                        Atlanta, Georgia 30309-3455
                        (404) 815-3400
                        (404) 815-3415 (fax)
                        Email:   cfreeman@carltonfields.com
                                    bbroussard@carltonfields.com

                        ***Attorneys for Plaintiff Coface North America Insurance Company***

## **LOCAL RULE 7.1(D) CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared with Times New Roman, 14 point.

/s/ Christopher B. Freeman
Christopher B. Freeman
Georgia Bar No. 140867

117588734.v2

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the within and foregoing document, along with any attachment(s), with the Clerk of Court using the CM/ECF system, which will automatically send electronic notice upon all counsel of record.

This __ day of March, 2019.

>/s/ Christopher B. Freeman
>Christopher B. Freeman
>Georgia Bar No. 140867

117588734.v2